## LEFEVRE vs. BROUSSARD.

APPEAL from a judgment of nonsuit.

*Porter*, for the appellee. The appeal cannot be sustained. The act of 1807, ch. 1, sec. 19. authorises appeals in cases of final judgment. A

Appeal from a nonsuit.
The value of the matter in dispute taken as stated, unless, especially contradicted.

SPRING 1812.
V. District.

LEFEVRE
*vs.*
BROUSSARD.

judgment of nonsuit is not final—neither will the Court take cognizance of a suit below 100 dollars. The costs in the present cause do not exceed 17 dollars.

*Johnston*, for the appellant. A judgment of nonsuit is final in the case, and the sum in dispute, and not that which is recovered, gives the jurisdiction.

*By the Court.* An appeal surely lies from a judgment of nonsuit. If it was otherwise, the party injured would be without a remedy. For, although he might bring a new suit, the Parish Court would likely give the same judgment.

In ascertaining the value of the matter in dispute, we cannot travel out of the pleadings, and when the defendant has not, in his plea, averred that the value is below that mentioned in the writ or petition, but so small that the Court has no jurisdiction, he will be prevented from availing himself of this objection, which is only to be noticed in a plea in abasement, when it goes to the jurisdiction of the Court.

LIKEWISE, if an appeal be prayed, and the matter in dispute be really of so little value, that an appeal does not lie for it, the appellee must set forth this matter on the record, so that the appellant may take issue on the fact—otherwise the

Court will take it for granted that the value of the object is fairly stated by the original petition, and will sustain the appeal.

THIS opinion is supported by the argument of the Superior Court of North Carolina, in giving judgment in an anonymous case. 2 *Hayw.* 71. County courts there are ousted of jurisdiction in all suits under 20*l.* The plaintiff had a verdict for less than 20*l.* and the County Court nonsuited him. He appealed, and the jury above found a verdict for upwards of 20*l.* the interest arising pending the suit having increased his demand. The defendant resisted entering the judgment, on the ground that the County Court had no jurisdiction of the case, at the inception of the suit, *M'Coy, J.* and *Haywood, J.* said—the defendant should have pleaded that the sum, really due to the plaintiff, was under 20*l.* at the time of the action commenced, and then the jury would have been bound to find the value at the commencement of the action, as well as the value at this day, and the judgment of the court would have been against or in favour of the plea, according with the verdict. Such plea would have admitted the execution of the instrument, and questioned only the *quantum.* 1 *Wils.* 19, 20. Had the plaintiff taken a writ of error upon the judgment of nonsuit, the Court could examine the record, to see whether

SPRING 1812.
V. District.

LEFEVRE
*vs.*
BROUSSARD.

S

SPRING 1812
V. District.

LEFEVRE
vs.
BROUSSARD.

the County Court had given a proper judgment: but, having appealed, it is to be taken that the complaint against the decision below, regards some mistake of the jury, and then there can only be a new trial by a jury here. The safest way, therefore, must be to plead to the jurisdiction, and tie up the enquiry to the value of the demand, at the time when the action is commenced.

IN the present case, the appellee might have placed the point he insists upon, on the record, which would have enabled the appellant to contradict it, and the Court to pronounce with safety. The objection, not appearing in the pleadings, cannot be noticed.

APPEAL SUSTAINED.